UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-61690-CIV-COHN/SNOW

JOHNNY JOHNSON,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**
**ORDER GRANTING MOTION TO STRIKE EXPERT REPORT**

THIS CAUSE is before the Court upon United States' Motion for Summary Judgment [DE 12], the United States' Motion to Strike Expert [DE 19], and the United States' Motion to Exceed Page Limitation [DE 21]. The Court has carefully considered the motions, response to summary judgment [DE 18] and reply [DE 20] thereto, and is otherwise fully advised in the premises. The summary judgment motion became ripe on August 3, 2007. No response was filed by Plaintiffs to the other motions, for which a response was due by August 20, 2007.

## I. BACKGROUND

Plaintiff Johnny Johnson ("Plaintiff") filed this action against the United States Postal Service for negligence pursuant to the Federal Tort Claims Act. Plaintiff was delivering pallets and cardboard boxes to the United States Post Office in Plantation, Florida, for use in a charity food drive. Plaintiff fell when the post office loading dock he was using to unload the supplies collapsed. Plaintiff alleges that his injuries were caused by the post office's failure to warn of the dangerous condition of the loading

dock.

Many facts in this case are not in dispute. The loading dock in question has a built in hydraulic lift designed to be lowered or raised to meet the level of whatever truck was being loaded or unloaded. The platform also had a chain that kept the extension lift gate or hinged plate in a horizontal position to avoid having it fall down against the dock wall below it. The hinged plate is designed to rest against the bed of the delivery truck to form a bridge for carting freight or packages off the truck onto the dock. The chain is not designed to support the weight of a person when fully extended without the support of the bed of a vehicle underneath. Defendant's Motion at 5.

The loading dock area also had a sign "Please Ring Bell for Service." Plaintiff testified in his deposition that he rang the bell but no one came out. Defendant's position is that Postal Service employee Carol Welbourn responded to the bell. Upon exiting the building at the loading dock door, she asked the two men what kind of delivery they had when Plaintiff dropped the hinged plate and walked out on it. Since the hinged plate and platform were only supported by the chain and not the bed of the truck, the chain gave way and snapped. Plaintiff fell forward striking the ground.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of

establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing

3

party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B.  Standard of Care and Breach of Duty

Defendant's argument in support of its request for summary judgment is that Plaintiff should be viewed as only a mere licensee rather than a business invitee because he stepped onto the loading dock and used it without waiting for assistance. Defendant also argues that under either standard, the dangers of the loading dock were open and obvious.

Defendant concedes that when he first arrived, Plaintiff was a business invitee, as he was delivering supplies for the benefit of the Postal Service's charity event. If considered a business invitee, then the parties appear to agree that Defendant would have the duty to warn of any concealed dangers. Crawford v. Miller, 542 So.2d 1050, 1051 (Fla. Dist. Ct. App. 1989) ("The duty of the landowner to a business invitee is to maintain the premises in a reasonably safe condition and to warn the invitee of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the exercise of due care could not be known to him." (internal citations omitted)).  However, Defendant argues under the Restatement (Second) of Torts that if Plaintiff "went to an area of the Post Office loading dock, where he should not have gone," then his status turns into a licensee, and the standard of care is only

Defendant had to refrain from willful negligence and warn of any dangers not open to ordinary observation.   Defendant's Motion at p. 13.

The Court concludes that the duty owed is that of a business invitee.  Plaintiff was invited onto the property to deliver supplies.  Thus, the loading dock is where Plaintiff was invited.  His presence there, even if he began unloading without waiting for assistance, remained that of a business invitee.   Whether he unreasonably began using the loading dock to unload without waiting for assistance is an issue related to comparative negligence and breach of the duty of care.

Under the invitee standard described above, Defendant argues that the loading dock contained no concealed dangers, and that Plaintiff should have realized that the dock plate had to be supported by the truck bed and not the chain.  Plaintiff testified in his deposition that he had not been to that loading dock before, and was not familiar with the hydraulic lift system.

Defendant contends that the dangers of a loading dock, with its drop off from the dock to the ground below, are open and obvious, so that under either standard, Defendant did not breach its duty of care.  The various Florida cases relied upon by Defendant do not involve a loading dock, or something not encountered in everyday life.  See e.g. Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. Dist. Ct. App. 1990) (ridge between concrete and asphalt at gas station open and obvious); Gorin v. City of St. Augustine, 595 So.2d 1062, 1063 (Fla. Dist. Ct. App. 1992) (en banc) (drop off from curb to street open and obvious); City of Melbourne v. Dunn, 841 So.2d 504, 505 (Fla. Dist. Ct. App. 2003) (danger of walking on planter

rather than around it was open and obvious).

However, Defendant does put forth an unpublished Michigan state court decision involving a loading dock hinge plate. The court in that case, <u>Cross-Douglas v. Ford Motor Co.</u>, 2001 WL 691226 (Mich. App.), concluded that the loading dock dangers were open and obvious. Though the facts are mostly similar to the case at bar, in that the plaintiff in <u>Cross-Douglas</u> also used a truck that was lower than the dock, resulting in the platform hinged plate not supported by the bed of the truck, the key distinguishing fact is the existence of the chain in the case at bar. Plaintiff argues that he and his co-worker both stood on the hinged platform on at least two occasions before the chain broke, leading them to believe that the chain was supporting the platform.

Whether its reasonable to assume that the loading dock could be supported by the chain during operation without resting upon the bed of a truck is a question that precludes a finding on summary judgment that the loading dock platform in this case contained no latent perils. In addition, whether the sign asking persons to ring the bell for assistance was sufficient warning of the danger is also a reasonableness type of question that cannot be decided at summary judgment. Most of Defendant's contentions relate to the issue of Plaintiff's comparative negligence than to a finding that no duty was breached. In this case, the questions of breach and comparative negligence must be determined at a trial in this case.[1]

---

[1] The Court notes the apparent factual dispute between Plaintiff and postal employee Welbourn concerning whether the hinged plate was horizontal or vertical upon Plaintiff's arrival. In other words, did Plaintiff move the plate from vertical to

6

### C.  Expert Report

In opposition to Defendant's Motion, Plaintiff attached a one-page Affidavit from Chuck Lynch, a "Hardware Associate" at Home Depot that the 3/16" chain in an attached photograph has a tensile strength of 750 lbs. Exhibit 1 to Plaintiff's Response to Motion for Summary Judgment [DE 18].  This Affidavit is used to support Plaintiff's contention that the chain failed causing Plaintiff's injuries.  Defendant moved to strike the expert report pursuant to Fed. R. Civ. P. 26(a)(2) due to Plaintiff's complete failure to disclose this expert and file an expert report.  The Local Rules require filing of expert reports within 90 days of the Calendar Call where no other deadline is set by the Court.  Local Rule 16.1.K.  In this case, that deadline was June 8, 2007.  The Scheduling Order for this case had set July 5, 2007  as the deadline for expert discovery [DE 8].  The affidavit attached to Plaintiff's Memorandum was filed July 27, 2007.

Plaintiff has not responded to Defendant's motion to strike, although a response was due by August 20, 2007.  Since it is clear that the Lynch affidavit is being used as expert testimony, the affidavit must be stricken for failure to disclose the expert witness.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999) (Rule 702 regarding expert testimony applies to all experts testifying with regard to their technical or specialized knowledge, not just "scientific" testimony).  The Court notes that its above discussion of the motion for summary judgment did not consider the Lynch affidavit.

---

horizontal?  Defendant argues that the issue of the duty of care makes this factual dispute immaterial.  However, as discussed above, the Court determines that the duty is that owed to a business invitee, but issues of fact remain as to whether duty was breached given the condition of the loading dock and existence of the chain, and the extent of comparative negligence.

## III.  CONCLUSION

The remaining motion is Defendant's motion to exceed the page limitation for its reply memorandum.  As no opposition to this motion was received, the motion will be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The United States' Motion for Summary Judgment [DE 12] is hereby **DENIED**;

2. The United States' Motion to Strike Expert [DE 19] is hereby **GRANTED**;

3. The United States' Motion to Exceed Page Limitation [DE 21] is hereby **GRANTED**;

4. This case remains on for Calendar Call on September 6, 2007, with the remaining deadlines in the Scheduling Order of August 24, 2007 for the filing of motions in limine and August 31, 2007 for the filing of the joint pretrial stipulation;

5. As this case is a bench trial under the Federal Tort Claims Act, the parties should also file Proposed Findings of Fact and Conclusions of Law by the time of Calendar Call on September 6, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 23rd day of August, 2007.

JAMES I. COHN
United States District Judge

cc: Lawrence Bohannan, Esq.

  Marilynn Koonce Lindsey, AUSA