UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-61690-CIV-COHN/SNOW

JOHNNY JOHNSON,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR AMENDMENT OF JUDGMENT
## ORDER GRANTING IN PART MOTION TO TAX COSTS

THIS CAUSE is before the Court upon United States' Motion for Amendment of Final Judgment [DE 35] and Plaintiff's Motion to Tax Costs [DE 36].  The Court has carefully considered the motions and the United States' response to Plaintiff's Motion [DE 37], and is otherwise fully advised in the premises.  No response was filed by Plaintiff to the United States' motion.

Following a bench trial pursuant to the Federal Tort Claims Act, the Court entered a final judgment in favor of Johnny Johnson ("Plaintiff").  The Final Judgment included an award of post-judgment interest.  The Defendant United States has moved to eliminate that as part of the judgment, citing to the appropriate authorities that post judgment interest is not allowed under the Federal Tort Claims Act until after the United States appeals and the judgment is presented to the Secretary of the Treasury.  On a review of the authority recited in Defendant's motion, and Plaintiff's lack of response, the Court agrees that post-judgment interest should be removed at this time from the Final Judgment.

Plaintiff, meanwhile, has moved for taxation of costs. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co, 482 U.S. 437, 445 (1987).

28 U.S.C. § 1920, taxation of costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

  (1) Fees of the clerk and marshal;

  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

  (3) Fees and disbursements for printing and witnesses;

  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

  (5) Docket fees under section 1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, Plaintiff seeks costs totaling $1,951.23 for the following items: (1) fees of the Clerk ($350.00); 2) fees for service of subpoenas ($25.00); (3) fees for witnesses ($1,372.00); and (4) fees for copying and exemplification ($204.23).  The United States objects to most of the witness fees, and does not object to the other costs.

Plaintiff does not provide documentation to support the witness fees, but delineates that $975.00 is the witness for expert witness Dr. Gary Gieseke; $112.00 is the witness fee for fact witness Thadeus Irving; and $285.00 is the mileage cost of travel for Mr. Irving.  The United States objects to the amounts over $40.00 for each witness fee, and does not object in general to travel costs for Mr. Irving.  Such travel costs are allowed pursuant to 28 U.S.C. § 1821©.

The Court agrees with Defendant that the statute does not provide for payment of witness fees beyond the statutory $40 fee.  Thus, Dr. Gieseke's witness fees are limited to just $40.00 for his one day of testimony.  As to Mr. Irving, Plaintiff has not filed a reply to Defendant's opposition, nor has Plaintiff provided documentation of travel costs for Mr. Irving.  The Court does recall that Mr. Irving testified that he now lives in Georgia.

In lieu of supporting documentation, Defendant agrees to pay half of the requested $397.00 for Mr. Irving's witness fee, most of which is stated as "mileage costs" for his travel.  The Court finds this is a reasonable amount given the lack of documentation.

Therefore, the Court will tax costs in the amount of $817.73, consisting of $350

3

for the filing fee, $25.00 for service of subpoenas, $204.23 for copying and exemplification, and $238.50 for witness fees ($40 each for Dr. Gieseke and Mr. Irving, plus $158.50 for Irving's travel costs).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The United States' Motion for Amendment of Final Judgment [DE 35] is hereby **GRANTED**;

2. Plaintiff's Motion to Tax Costs [DE 36] is hereby **GRANTED in part**;

3. The Court shall separately enter an Amended Final Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 16th day of November, 2007.

JAMES I. COHN
United States District Judge

cc: Lawrence Bohannan, Esq.

   Marilynn Koonce Lindsey, AUSA